UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TANYA L. BRAXTON,

    Plaintiff,

v.                                                    Case No: 6:13-cv-1015-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Pending before the Court is Shea A. Fugate's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. 406(b) (Doc 35). The motion is due to be **GRANTED**.

After a court-ordered remand in this Social Security disability case Defendant, the Commissioner of Social Security, found Plaintiff Tanya L. Braxton disabled and awarded her $89,638 in past-due benefits (Doc. 33-2). The Commissioner withheld $22,409.50, or 25% of the award, for the payment of attorney's fees (Id.). Upon motion, the Court previously approved an award of $11,488.49 in attorney's fees to Plaintiff's counsel, Ms. Fugate (Doc. 34). That amount equaled 25% of the past-due benefits minus the $4,921.01 in attorney's fees previously awarded Plaintiff and paid to Ms. Fugate pursuant to the Equal Access to Justice Act ("EAJA") and $6,000 in fees awarded at the administrative level (Docs. 32-34).

On July 12, 2016, Ms. Fugate was notified that Plaintiff had been awarded additional past-due benefits for her children, and that the Commissioner has withheld $20,425, or 25% of the award, for the payment of attorney's fees (Doc. 35, ¶ 6). Ms.

Fugate now requests an additional $20,425 in attorney's fees pursuant to 42 U.S.C. 406(b) (Docs. 35, ¶ 6; 35-2, 35-3). Defendant's attorney has been contacted and has no objection to this additional award of attorney's fees (Doc. 35 at 8).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client upon remand from federal court may petition the Court for a reasonable fee, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25 percent, "Congress … sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002). "Within the 25% boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In determining a reasonable fee award under § 406(b)(1)(A), the Court should first look at the parties' fee agreement. Id. at 808. The Court may also consider the character of the representation, the results achieved, "[i]f the attorney is responsible for delay," or "[i]f the benefits are large in comparison to the amount of time spent on the case." Id.

Plaintiff entered into a contingent fee agreement with Ms. Fugate that provides that she will seek "attorney's fees from the Social Security Administration, in addition to EAJA fees, totaling a maximum of 25% of the past-due benefits due [Plaintiff and/or Plaintiff's dependents]." (Doc. 35-1). In light of the motion being unopposed, Plaintiff's fee agreement, and the ultimate award of past due benefits, and considering § 406(b)(1) fees approved pursuant to contingent fee arrangements in other Social Security cases, see e.g., Bibber v. Comm'r of Soc. Sec., No. 6:12-cv-1337-Orl-37DAB, 2015 WL 476190, at *6 (M.D. Fla. Feb. 5, 2015) ($24,386), the Court finds Ms. Fugate's fee request

reasonable. See Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314, 316 (11th Cir. 2012) ("[T]he aggregate of the attorney's fees awarded under § 406(a) and § 406(b) may not exceed 25% of the claimant's past due benefits."); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1273 (11th Cir. 2010) (endorsing offset procedure as an alternative to overpaying attorney and requiring attorney to remit EAJA award to client).

Accordingly, upon due consideration, Ms. Fugate's motion is **GRANTED**. The Court approves Section 406(b) fees in the amount of $20,425, to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

**DONE** and **ORDERED** in Orlando, Florida on August 3, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record